# DECEMBER, 1922

S. J. VON KOENNERITZ v. HENRY ZILLER.

No. 3149. Decided December 6, 1922.

(245 S. W., 423.)

Estates of Decedents—Executor's Commissions—Case Stated.

Von Koenneritz and Ziller were appointed as joint independent executors of the estate of a testatrix. The former, who had been business agent of decedent, was in possession of her money and notes, and was residuary legatee under the will, excluded the latter from any part in the administration and caused the legacies and debts to be paid. This was done out of $3,500, borrowed by him on his individual credit and collaterals and $592, cash advanced by him, in addition to money due and collected for the estate. All this was placed by him to the credit of the attorney for the executors and paid out on checks by the latter, taking receipts in both of their names. The balance of the assets of the estate was retained by Von K. as residuary legatee. *Held* that by so doing he had rendered Z., his co-executor, responsible for the sums so borrowed and advanced, as for funds of the estate, and the latter was entitled to his part of the legal commissions thereon as on moneys received and paid out for the estate. (pp. 130, 131).

Question certified from the Court of Civil Appeals for the Third District, in appeal from the County Court of Travis County.

Von Koenneritz appealed from a judgment of the County Court allowing Ziller the commissions here involved. The Court of Civil Appeals, having first affirmed the judgment, on motion for rehearing certified the question to the Supreme Court, by whom it was referred to the Commission of Appeals, Section B. The opinion of that body, being adopted by the Supreme Court is thereupon certified by them as their answer.

*George S. Dowell* and *Robert E. Cofer,* for Von Koenneritz.

One independent co-executor, who is residuary legatee and in possession, can at any time settle the estate and close and withdraw it from administration without the consent of his co-executor, who is not in possession, by paying all debts and previous legacies in full and without making any report to court or to such co-executor out of possession. After such settlement there is no longer any necessity for an administration and the pending administration ceases and closes. Rev. Stats., Art. 3235, 3356, 3263, 3384 et seq.; Roy v. Whitaker, 92 Texas, 355; Farmers' & M. Natl. Bank v. Bell, 31 Texas Civ. App., 124, 71 S. W., 570; Parks v. Knox, 130 S. W., 203, and authorities cited; Truesdale v. Putegnat, 59 S. W., 307; Simkins, Administration of Estates, p. 95.

Von Koenneritz was in actual possession of all of Mrs. Blau's property (money and notes), as her confidential friend and adviser and agent, at the time of her death. He was made residuary legatee in her will, and at her death title vested in him and the possession being already with him, no change in possession was necessary or advisable. All he had to do to complete his title and perfect same and to retain possession was to pay the debts and the previous cash legacies.. This he proceeded to do, thus effectually closing and rendering unnecessary further administration.

It was unnecessary for Von Koenneritz' co-executor, Ziller, to join him in these acts. The acts of the one co-executor in dealing with personal estate are just as binding as if both executors act together. See Rev. Stats., art. 3356. This statute has been held to apply to independent co-executors. Roy v. Whitaker, 92 Texas, 355; Simkins, Adm. of Estates. p. 95; Notes Sayles Rev. Stats., art. 3356.

Under Rev. Stats., Title 52, Chap. 4, Arts. 3384 *et seq.*, the residuary legatee had the right to withdraw estate from administration by giving the bond required in said chapter. This does not mean that legatees might not defeat administration in other ways. Truesdale v. Putegnat, 59 S. W., 307. Of course the residuary legatee, Von Koenneritz, had a right to give bond and prevent an administration. *A fortiori*, had he a right to do better than give security, and actually pay the debts and previous legacies in cash, as he did, and thus perfect his title and possession and save an administration. All creditors are satisfied, all previous legatees have received the sums bequeathed them. .

Where a residuary legatee, who is also an independent executor, borrows money personally, with which he pays off all of the debts and previous general legacies, such money so borrowed does not constitute receipts of the estate coming into the hands of the executors, so as to entitle a co-executor to statutory commissions on such personal borrowing of said residuary legatee. Independent executors are not entitled to commission under the statute on sums of money borrowed by them, or either of them, with which debts and legacies are .paid. Rev. Stats., art. 3621; Dwyer v. Kalteyer, 68 Texas, 554; Brown v. Walker's, Heirs 38 Texas, 109; Field v. Colton, 7 Ill. App., 379.

Ziller's right to commission depends on Von Koenneritz' right to make such charge. It would hardly be seriously contended that Von Koenneritz would be entitled to commission on this $3500 borrowed by himself. It was held in Brown v. Walker, 38 Texas, 109, that a creditor executor could not charge commission on a debt paid to himself. In Illinois it seems executors are entitled to commissions on all property inventoried and coming into their hands, and it was there held that where an executor supplied his own goods to supplement that of the estate in order to make an advantageous sale, he could

not charge commission on his own goods.  Field v. Colton, 7 Ill. App., 379.

An executor is not entitled to commission on receipts where he runs a retail business and sells and reinvests and sells again and again.  Dwyer v. Kalteyer, 68 Texas, 564.

A residuary legatee is not bound to permit an administration simply that his co-executor may earn fees.  On the contrary by paying the debts and previous legacies an administration may be prevented and the estate withdrawn from administration.  In such case where the residuary legatee (also co-executor) is in possession and gives such attention to the business and his co-executor is out of possession and performs no services and his services are not necessary and he contributes none of his time to the business of the estate (even though he is willing to do so), in such case it is inequitable for the court to allow such co-executor one-half of the statutory commissions, just as though he had administered upon the estate.  James v. Corker, 30 Texas, 629; Speers v. Wisner, 88 Mich., 614, 26 Am. St. Rep., 306; Newby v. Skinner, (21 N. C.), 1 Des. & B. Eq., 488; Crosswell on Executors, sec. 546.

*Frederick C. Von Rosenberg,* for Ziller.

Where testatrix appointed two independent executors ''with full power and authority to sell and dispose of her property as they may deem necessary to carry out the intent and purpose of her will'' and both executors qualify and return inventory, appraisement and list of claims, the co-executor who happens to be residuary legatee is not thereafter authorized, without giving bond as provided by statute for withdrawing estates from administration, to usurp the powers of the other coexecutor and refuse to permit his participation in the management of the estate, when such other coexecutor is ready and willing to do so, while money borrowed for the benefit of the estate by him has not been repaid and the other coexecutor has never turned the estate over to him, such residuary legatee coexecutor cannot claim all the estate as his own and the administration closed, without furnishing his coexecutor with a statement of the condition of the estate on which a settlement could be made under the terms of the will.  Arts. 3235, 3263, 3349, 3356, 3384 to 3392, R. S., 1911; Parks v. Knox, 130 S. W., 203; McAdams v. Wilson, 164 S. W., 61; Gillespie v. Crawford, 42 S. W., 621; Hummel v. Greco, 40 Texas Civ. App., 510; Farmers & Merchants Nat. Bank v. Bell, 31 Texas Civ. App., 124; Journay v. Shook, 105 Texas, 555; Simkins on Administration, 2nd Ed. 343.

Executors are entitled to five per cent commissions under the statute on all sums they may actually receive in cash, and money borrowed by them or either of them, to pay debts and legacies, is money actually received in cash, upon which they are entitled to 5 per cent

commission.  Article 3621, R. S. of Texas, 1911.  Ellis v. Little-
field, 41 Tex. Civ. App., 318, 93 S. W., 171; Thomas v. Matthews,
51 Tex. Civ. App., 304; Dwyer v. Kalteyer, 68 Texas, 564.

Where a residuary legatee of an estate of which he and another
are independent executors, advances money out of his own funds
to pay debts and previous legacies, such money being actually received
in cash, the other coexecutor is entitled to one-half of five per cent
commissions on such sum, and especially so where such residuary
legatee coexecutor mixes up the funds of the estate with his own
funds and does not know what he has collected or paid out and has
refused to produce his books and notes of the estate on the trial,
although notified to produce the same on the trial.  Arts. 3621,
3622, 3623, R. S. of Texas, 1911; Kearney v. Nicholson, 67 S. W.,
361; Matter of Mount, 2 Redf. Sur., N. Y., 405; 18 Cyc., 1151, 1158.

Money borrowed or advanced by one independent executor for the
benefit of the estate and placed in the hands of the joint attorney
of both executors to pay legacies, and duly ratified and acquiesced
in by the other coexecutor, and all receipts executed by the legatees
being executed in favor of both coexecutors as drawn up by the
joint attorney, is money received by the executors, on which the
other coexecutor is entitled to receive one-half of five per cent com-
mission allowed under the statute, and the fact that the executor
who borrowed the money was also residuary legatee, who never at-
tempted to give bond to withdraw the estate from administration
under the statute, cannot deprive the other coexecutor of his half
of the commissions.  Same authorities.

The executors had the right to the possession of the estate as it
existed at the death of the testatrix, and it is the duty of such ex-
ecutors to recover possession of and hold such estate in trust to be
disposed of in accordance with law, and the primary purpose of
this possession and to dispose of it as required by law is to pay the
debts and to carry out the provisions of the will and to distribute
the residue among those entitled to the estate; and if a residuary
legatee desires to prevent administration he can do so by giving bond
under the statute and withdraw the estate from administration, and
even in that case his bond is conditioned that he will pay to the
executor any balance that may be found to be due him by the judg-
ment of the court on his exhibit, and such residuary legatee co-
executor cannot take advantage of his own wrong in taking posses-
sion of the estate without bond and usurping the powers of his co-
executor who is ready and willing to act, and claim that his co-
executor performed no service and was not entitled to his fees.  Arts.
3235 & 3385, R. S. of Texas, 1911; Simkins on Administration, 2nd
Ed., p. 343; Brown v. Stewart, 4 Ed., Ch., 368; Couchman v. Bush,
83 S. W., (Ky.), 1139.

Mrs. Blau, the testatrix, owned the property and the law of this
State accorded to her the right to direct its disposition after death;

112 Tex.—9

no court has authority to deprive the executors of the trust confided to them, except that they must obey the law, *a fortiori,* one independent coexecutor who is also residuary legatee has no authority to deprive his coexecutor of the trust confided to him by the testatrix, and both executors should determine when to turn the estate over to the legatees. Journay v. Shook, 105 Texas, 555; Lumpkin v. Smith, 62 Texas, 249; Roy v. Whittaker, 92 Texas, 355; Brown v. Stewart, 4 Md. Ch., 368; Cushman v. Bush, 83 S. W., 1136, (Ky.); Squier v. Squier, 30 N. J. Eq., 627; Pomeroy v. Mills, 40 N. J. Eq., 517; 4 Atl. 768.

MR. JUDGE HAMILTON delivered the opinion of the Commission of Appeals, Section B.

The case is before us on a question certified to the Supreme Court as follows:

"Defendant in error brought suit in the County Court of Travis County to recover certain commissions which he alleged to be due him as co-executor of the estate of Henrietta Blau, deceased.

"The facts are as follows:

"Henrietta Blau, deceased, appointed appellant and appellee independent executors of her will, which was duly probated. Both executors qualified and returned an inventory of her estate. Appellant was the residuary legatee of the estate.

"There was on hand at the time of the death of deceased, cash $374.62, and notes of the aggregate face value of $10,310. All of this was in the hands of appellant at the time of the death of Mrs. Blau. For some years he had been her business agent and confidential adviser, and as such had possession of her money and notes. Soom after the will was probated, appellant refused to allow appellee to have anything to do with the administration.

"The will provided that various legacies, aggregating $4,025, should be paid by the executors. These were paid by checks drawn by the attorney of the executors on a fund placed to his credit by appellant for that purpose. The attorney of the executors took receipts therefor, executed to both of the executors. Debts of the estate, aggregating $1,286.04, were paid in like manner. Appellant collected debts due the estate to $844.

"Payments of debts and legacies were from the following sources:

| | |
|---|---:|
| Cash on hand at death of deceased | $   374.62 |
| Money collected | 844.00 |
| Money borrowed by appellant | 3,500.00 |
| Out of his own funds | 592.42 |
| | $5,311.04 |
| Deducting cash on hand | 374.62 |
| Leaves | $4,936.42 |

"This sum the Trial Court treated as money received by the executors, and found that appellee was entitled to two and one-half per cent. thereof, amounting to $123.41. The court also allowed appellee two and one-half per cent. on $1,286.04, money collected, to-wit: $32.15, making a total of $155.56.

"The money borrowed by appellant was upon his individual credit, and upon collaterals furnished by him.

"This suit was tried in the County Court by the court without a jury on appeal from a Justice Court.

"We affirmed the judgment of the Trial Court allowing defendant in error the commissions claimed by him. The case is now pending in this court on motion for a rehearing.

"In view of the novelty as well as of the importance of the question here certified, and in view of the further fact that appellant cannot prosecute a writ of error herein, we deem it proper to certify to your Honorable Court the following question which is presented by pleadings and the evidence herein, and is material to a proper disposition hereof, to-wit:

"Should defendant in error have been allowed commissions on the whole of the $4,936.42, or only on the $844, shown in the foregoing statements of facts? In other words, should the $3500 borrowed by plaintiff in error, and the $592.42 advanced by him, all of which was paid out on legacies and debts of the estate, be treated as money received by the executors?"

In so far as Ziller is concerned, the only difference between this transaction and one which would have arisen, if the money had been received from a third person, lies in the fact that Von Koenneritz, the co-executor, supplied the money. It was deposited to the credit of the attorney of the executors for the purpose of paying debts of the estate. Ziller became responsible, in the same degree, for the money as if it had been received from any other person. If Von Koenneritz, as residuary legatee, desired to avoid payment of commissions by the estate, he could have done so by giving bond as required in the withdrawal of estates from administration and discharging the executors. Instead of doing so, he chose to pursue a course that imposed on Ziller all the duties and responsibilities that would have arisen from the receipt of the money from any other person.

Therefore, we recommend that the question be answered to the effect that defendant in error should be allowed commissions on the whole of the $4,936.42.

BY THE SUPREME COURT

The opinion of the Commission of Appeal answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton, Chief Justice.*